UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S1 4:17 CR 128 RWS / DDN |
| | ) |
| DAMON WILLIS, | ) |
| | ) |
| Defendant. | ) |

### ORDER AND RECOMMENDATION

The pretrial motions of the parties were referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b). A hearing on the *pro se* motions of defendant Damon Willis to dismiss the indictment (ECF No. 23 and 27) was held on May 19, 2017. For the reasons set forth below, the undersigned recommends defendant's motions be denied.

Defendant principally argues that this court lacks jurisdiction over him and this case under a variation of the "sovereign citizen" argument. (ECF No. 27). Those who make this argument generally hold that United States citizens are individual, "sovereign," entities who have merely contracted with the United States for citizenship via documents like birth certificates and social security cards. *See Sellors v. Obama,* No. 13-CV-2484 SRN/JSM, 2014 WL 1607747, at *4, n. 1 (D. Minn. Apr. 15, 2014). Defendant seeks to surrender his birth certificate and argues he is the sole beneficiary of the birth certificate and the government may only act as the trustee. (ECF No. 28). He further argues that the Constitution does not provide for statutorily-conferred jurisdiction or statutorily-created crimes. (ECF No. 27 at 2).

The sovereign citizen theory is without merit as a defense to the charges in this case. *See Sochia v. Federal-Republic's Cent. Gov't*, 2006 WL 3372509, at *5 (W.D. Tex. Nov. 20, 2006) (describing similar arguments as "rejected by every federal court that has considered them" and collecting cases); *see also United States v. Garcia*, No. 17-

1012, 2017 WL 1521786, at *1 (8th Cir. Apr. 28, 2017). Constitutional provisions authorize Congress to legislate jurisdictional authority for the federal courts and to enact criminal laws. *See* U.S. Const. art. I, § 8; art. III, § 2. An Act of Congress confers jurisdiction over this case on this District Court. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Defendant is charged, first in the original indictment and in the superseding indictment, with several offenses against the laws of the United States, that is, three occurrences of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 1, 12). This court has jurisdiction over the charges against him.

Defendant Willis also appears to invoke, generally, the protections of the Second and Fourth Amendments to the Constitution. (ECF No. 27 at 1-2). The Eighth Circuit Court of Appeals has held that the language of 18 U.S.C. § 922(g)(1) does not facially violate the Second Amendment. *See United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014). And defendant has not presented any facts that would indicate the relevance of the Fourth Amendment to the legal sufficiency of the original or superseding indictments against him.

Accordingly,

**IT IS HEREBY ORDERED** that the *pro se* motion of defendant Damon Willis for assignment of the case to a different judge (ECF No. 22) is denied.

**IT IS HEREBY RECOMMENDED** that the *pro se* motions of defendant Damon Willis to dismiss the indictments (ECF Nos. 23 and 27) be denied.

The parties have fourteen days to file written objections to this Order and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

                /s/ David D. Noce  
       **UNITED STATES MAGISTRATE JUDGE**

Signed on May 22, 2017.